953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerardo LOPEZ, Defendant-Appellant.
 No. 91-10011.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerardo Lopez appeals his sentence under the United States Sentencing Guidelines, following his guilty plea to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a). He contends that the district court erred by upwardly adjusting his offense level based on his aggravating role in one of the robberies because the driver of his getaway car was not criminally responsible and did not know that Lopez planned the robbery. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the sentence and remand for resentencing.
 
 
 3
 The district court relied on the panel decision in United States v. Anderson, 895 F.2d 641 (9th Cir.1990). This court changed that ruling en banc. United States v. Anderson, 942 F.2d 606 (9th Cir.1991) (en banc).
 
 
 4
 We review de novo the district court's construction of the Guidelines. Anderson, 942 F.2d at 609. The Guidelines authorize the district court to increase the offense level by two levels if the defendant "was an organizer, leader, manager, or supervisor in any criminal activity." U.S.S.G. § 3B1.1(c). This upward adjustment applies only when more than one criminally responsible person committed the offense. Anderson, 942 F.2d at 61. Accordingly, in order to find that a defendant played a leadership role in the offense, the district court must find that a co-defendant was "criminally responsible for the commission of the offense." United States v. Niven, No. 90-50110, slip op. at 16886-87 (9th Cir. December 23, 1991) (per curiam).
 
 
 5
 Here, the driver of the getaway car stated that Lopez offered him $20.00 for a ride, and that he did not realize a robbery had occurred until Lopez left the bank. The district court found that Lopez played a leadership role because he recruited the driver, but made no finding as to the driver's criminal responsibility. Accordingly, we vacate the sentence and remand for resentencing. See Niven, slip op. at 16886-87.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3